You You  You You You Thank you for waiting we've got two cases remaining on the calendar this morning Gemini technologies versus Smith and Wesson May It please the court. My name is Kim trout representing Gemini technologies, Incorporated the appellant herein This court should reverse and remand based upon this courts binding existing precedent in Sun versus Advanced China Healthcare and Jones versus GNC Gemini has as directed by the court in Sun pointed directly to both statute, Idaho Code section 29-1 10 and confirmatory judicial decision that of the t3 enterprises case both of which independently and undisputedly evidence, Idaho strong public policy rendering the forum selection clause void and unenforceable under the courts ruling in Bremen Counselor if we were for if we were Hypothetically to agree with you that that this case is controlled inter alia by Sun what would the purpose of the remand be it would be solely for a traditional form non-convenience analysis by the district court on what I assume will be a renewed motion to dismiss by by Smith and Wesson and that would be the path that would be followed in accordance with Bremen and the clause would be neutralized or rendered unenforceable as the court could have found in Sun as the court found in Jones as the court found in Doe one as the district court in California found in Alabaster and as a result what remains for the district court is to conduct a traditional analysis In accordance with the Bremen standard part of that analysis be Recognition of the long-standing principle that with two parties of relatively equal bargaining ability represented by counsel Sign an agreement that contains a foreign selection clause I don't think so and the reason is Bremen says an exception to enforcement is the strong state public policy of the state of the forum and that exception stands today Atlantic Marine did not neutralize or change that exception whatsoever footnote 5 and Atlantic Marine makes it very clear that Atlantic Marine only applies After there is a presumption of a valid and enforceable clause Bremen sets the standard and Bremen says the clause may be overridden by Strong state public policy and in this instance, just as this court said in Sun We've done this something more we have pointed to both the strong state public policy 29110 is incredibly strong. In fact, the court will note that in 2012 the legislature in Idaho amended 29110 to incorporate all of the factors that were previously set forth in Idaho judicial decisions to strengthen 29110 and reaffirm its standard as the policy of the state and in this agree that this case would be different If it had been filed in the District of Delaware, no And the reason is enforcement in Delaware would have taken the same path under Bremen in other words It's an interesting note Chancellor Strine now Chief Justice Strine in a case called Borleymakers versus Chevron said that the court in Delaware will apply the Bremen analysis under any set of Idaho looked to the state of Texas, Texas said we apply Brenham and Applying Bremen the clause would become unenforceable. And so it's clear that across the board Sun controls and Bremen remains the law of the land and under that let me ask you this and it's obvious that Sun controls I mean, it's a binding precedent of our court what it means may be a different question But it does say you look to the Bremen factors I mean I get all of that. I've got a different question. I'm looking at the Idaho Statute 29-110 parent one And it's it reads oddly It says every stipulation or condition in a contract by which any party there to is restricted from enforcing his rights under the contract in Idaho tribunals Is void as against public policy of Idaho? now That's awfully broad so Let's imagine that I am I Don't know Idaho citizen and I enter into some sort of a consumer contract and Or may know let's say I'm an Idaho corporation and I'm selling things and there's some of that I Can't imagine that every contract To which there may be an Idaho party would be covered by this Is that is that what this statute means? I think it's exactly what the statute means and it's what the Idaho Supreme Court said in T3 enterprises and in its relationship to all of the prior Idaho decision says I mean Interpreted 29 110 and it's consistent with the legislature's amendment in 2012 or honor. The the bottom line is How do I say it in a slightly different way but but that takes us to the point where any time an Idaho court would have personal and subject matter jurisdiction over a suit absent foreign selection clause No foreign selection clause can prevail over that. That's what that means. Then that's your reading of it I believe no forum selection clause can prevail because the statute says that The policy of the state makes such a clause void not void of oh, not waivable In this case, I mean, this is not a far-fetched sort of very tenuous connection to Idaho I mean, it's an Idaho corporation that sold all of its assets so I get that this even if the outer boundaries of the statute may be a little odd or Overextended this one seems to the core of any properly drafted statute. I get that but I'm just having trouble the statute strikes me as overly broad, but Anyway On the facts of this case Almost under any construction of it It seems sensible as to what the statute means now what it means under Bremen's a different question Well, I think it means exactly what Bremen intended it to mean the hallmark of unreasonableness Under Bremen's policy exception is the strength of the public policy of the forum And as you've noted your honor our public policy is is as strong as the Idaho legislature could make it it's been reaffirmed by the court in t3 and as a result it falls squarely within the Bremen analysis and Enforcement is unreasonable because of the strength of the forum's public policy It's for those reasons. I'd like to reserve the rest of my time. I have one question before you sit down counsel. Yes, sir And it follows on what my colleague judge Bennett asked and that is Does the application of advanced China health care mean that the forum selection clause in this contract is Absolutely unenforceable. I believe it is absolutely unenforceable as opposed to being Relevant to the analysis of whether to apply it. I Think that the court could look at this as the court did in Jones and simply say that It is as important a factor as the clause itself therefore it neutralizes the clause and The court then proceeds to do the traditional forum non-convenience analysis It doesn't mean in every case the jurisdiction or venue I should say is going to remain in Idaho It the facts of the case may make the more material connection to some other venue but in this case, I think it results in a neutralization or in a lack of enforcement of the clause in the absolute manner in which the district court exercised it Because Atlantic Marine simply doesn't apply the presumption doesn't apply the basis for the magistrate judge To transfer the case to Minnesota I'm sorry If there was a if there was a transfer I believe she would have transferred it to Delaware not, Minnesota I may be wrong. Oh, we'll ask your phone. All right, and let me ask the following here You're suggesting that we should remand for the district court to perform the analysis Are there any factual things that need to be developed in the district court, or is this a pure question of law? Oh, I think there's There are clearly factual items to be developed in a district court although on the record the court could make the forum non-convenience analysis because all of the factors private interest factors and public interest factors have been developed by GEMTAC in the record below and and so this court could determine that Idaho is the appropriate form based upon the closing occurring in Idaho the Idaho gun industry being relevant the applicable law in Idaho related to the contract and the earn out provision and Therefore, I think the court could make that determination to say well, it's fact-determinant Fact-dependent all the facts relevant are in the record. There are gonna be no more facts if we were to remand there would there would only be one additional fact and that is the fact that the court identified in the Forum selection clause doesn't exist Well, that's not a fact. That's a well, maybe it's a fact That's easily ascertainable by reading books it is Additional question. I mean that this was a motion to dismiss, correct? Excuse me. Yes, sir. The case was decided on a motion to dismiss It was not it was not a motion to transfer. No, it was not a motion to transfer It was a motion to dismiss on the basis of forum non-convenience and the clause Relying exclusively on the Atlantic Marine analysis because the other alternative forms of state forum. You can't transfer. It's gotta be a dismissal. That's correct Thank you. Thank you. Yeah, you save some time May it please the court I am Jason Prince Representing the appellees in this case case, which I'll refer to as collectively Smith and Wesson the district court in this case correctly determined that gemtick failed to satisfy its heavy burden of demonstrating that the forum selection clause in this case is unenforceable based on extraordinary or exceptional circumstances and in doing so it did not try and dodge or sidestep Idaho Code section 29-1 10 the district court took that issue head-on and Correctly determined that that statute is not and cannot be dispositive based on Supreme Court precedent. Well The district court made his decision without the quote benefit close quote this lower courts are not always inclined to treat it as the benefit, but without the benefit of our intervening decision in Advanced China health health care. So what what's your response to saying? You know, wait a minute. The law is not as the district court thought it was So advanced China health care did not change the analysis that was in place at the time the district court addressed it nothing in advanced China health care indicates that state public policy is dispositive and categorically can Trump a valid forum selection clause Yes, and Yes, it did so To back up so that the district court determined now I guess one key point is that although in this context we've been talking about Bremen is creating an exception for public policy purposes but contextually Bremen was the first step. The Supreme Court took towards moving away from the long-held disfavor for forum selection clauses Bremen says a contractual choice of forum clause should be held unenforceable if Enforcement would contravene a strong public policy of the forum in which suit is brought whether declared by statute or by judicial decision how Explained to me how that doesn't control especially in light of advanced China health care Quoting and relying on that exact provision in Bremen as did the Supreme Court and Stewart So Stewart quoted and relied on Bremen and in that case they were dealing with Alabama's strong public policy Against enforcing forum selection clauses. It was by judicial decision as opposed to statute But the district court and Stewart determined that Alabama's state public policy Trumped the foreign selection clause it ultimately made its way up to the US Supreme Court and it determined that the Alabama district court had aired that this was a matter of federal law under 1404 a and forum non-convenience That may be a relevant distinction. This is not a 1404 case It can't be a transfer case because it's headed for a state court So I'm not sure that Stewart tells us the right the right answer is because Stuart was a 1404 case, correct? but Atlantic Marine made expressly clear that the 1404 a analysis is a Codification of the forum non-convenience doctrine and that the analysis does not change when you're dealing with a forum Non-convenience issue where there is no transfer available. It's dismissal. You know, I I've taught civil procedure for almost 40 years And it's very clear that 1404 is a codification of forum non-convenience But I think the court overstated the matter I hate to sort of correct my betters on this it has been long understood that 1404 up even though the same factors go into it the balancing and 1404 is different from the balancing in Forum non-convenience and that that's always been true. And I don't think the Supreme Court meant to tell us otherwise So on that back to that Stewart point if you're dealing with the 1404 a context and again Atlantic Marine did say that it's the same analysis as and in that case and this is crucial because Atlantic Marine quotes Justice Kennedy's concurring opinion for the proposition that forum selection clauses should be given Controlling weight and all but the most exceptional cases and if you put the that sentence in context and read the very reason for adopting for passing 1404 was that the analysis of forum non-convenience was deemed by the stat by the Congress as unsatisfactory and permitting transfer or dismissal to to infrequently I mean, that's just right there. That's the reason 1404 was passed And to finish that thought though Justice Kennedy in that concurring opinion if you read the rest of the sentence that read up to what Atlantic Marine quoted Specifically addressed state public policy and said though you give state public policy some weight You have to look at the controlling interests of the federal courts in having forum selection clauses enforced absent exceptional circumstances so in that very case the The US Supreme Court was addressing a public policy and made clear. It's not dispositive now to fast-forward to Jones Which gem tech concedes does not make forum selection or does not make Idaho State public policy Dispositive it says that on page 39 of its opening brief that it readily concedes that point Jones makes clear that it's not this state public policy is not dispositive and that has not changed in fact post Atlantic Marine that state public policy Cannot be said to be of equal weight to the forum selection clause given that Atlantic Marine has significantly Increased the strength of forum selection clauses by for example Shifting the burden from the defendant to the plaintiff in order to establish that the forum selection clause Validly agreed to bargained between in this case sophisticated parties represented by counsel that in those circumstances the The fact is it's now clear under Jones that It's not dispositive and then post Atlantic Marine it's not even worth the the same amount of weight that it had been previously and so on Jones one thing I'll note is that opposing counsel referenced the fact that there's some California cases that have looked at the State-public policy as being dispositive one being frango grill another one being a lobsy It's key that in those cases. They cite to the section of Jones, which is on page 498, which is dealing with section 1406 a and in that context the Joan Jones court determined that for 1406 a purposes the state public policy would be dispositive it then turned to the 1404 a context and said in this context you have to weigh and deform selection clause still gets significant weight and Of course you do weigh the state public policy, but even under Jones prior to Atlantic Marine These types of state public policies were not dispositive. Here's a different question There's kind of out of left field, but I intended as a serious question The form selection clause that issues specifies a court that does not exist How can we possibly enforce that What if it said? Shall be brought only in the court of oh, I don't know. I'm a great Edmund Spencer fan of the Fairy Queen and the Court of the Fairy Queen Does it is that enforceable? I mean the court does not exist So in that context the Court of the Fairy Queen it likely would not be enforceable But that's far from what we have here as an initial matter, but do you contend that the court named here exists? No, we do not contend that but it is clear You want us to rewrite it so that it says what you want it to say well first of all if you read it in context It's clear that they're talking about the Delaware state courts And it's clear that the parties understood that because that issue the issue you raised your honor was not raised until appeal That was never brought up before the district court because it was clear to everyone that the intent was This is going to be litigated in Delaware State Court unless if you read the rest of the closet It indicated that there were certain federal issues that we would be dealt with in federal court so council this this question is probably neither here nor there, but We're clearly in a circuit where in deciding the the this issue We have to apply federal law there are circuits in which this question is decided by reference to a state rule of Decision in a diversity case would that make any difference here? If we were applying state law In my opinion it would in the sense that the parties also agreed and negotiated for a Delaware choice of law clause and so we'd be dealing with Delaware law and To get to judge Hawkins question to opposing counsel earlier if this suit had been filed in Delaware We would not have had the same result because even under Bremen you look to the public policy of the forum state Which if we were in Delaware would be Delaware's public policy Delaware has a strong policy in favor of enforcing forum selection clauses and so it would have upheld the forum selection clause and we would we would be in Delaware and that gets to the point of the concerns raised in Atlantic Marine about gamesmanship and forum shopping that will be encouraged if Idaho's public policy or The others how many are there I think you just named them all I Believe that opposing counsel cited five in that brief And those are just the blanket policy states and you'll note from the various case law that cited in our briefs California has a host of subject matter specific policies like that as does Louisiana as the numerous other states so as to blanket policies where as Judge windmill noted in the water farms case it would turn Atlantic Marine on its head because it would be routine to refuse to enforce a forum selection clause rather than exceptional That that just simply can't be what what was contemplated by Atlantic Marine But that gamesmanship and forum shopping is it a genuine concern because what you'll see is parties are going to actively start looking for opportunities to file and in courts or in states where there is a public policy that they feel like they can have a strategic advantage and then they get the concomitant state law advantages and the the state law benefits that Atlantic Marine said you're not entitled to if you negotiate a valid forum selection clause you don't get that plaintiff's venue privilege and Essentially what gem tech is asking for is a return to the plaintiff's venue privilege Only a privilege that would be bulletproof if you're in Idaho, and that's that's simply not what Atlantic Marine contemplated It's not what Stewart contemplated. It's not what Bremen contemplated and For that reason the district court did not abuse its discretion Now I'd like to touch briefly on the point that was suggested that if you move beyond 29-110 that there was something more to support Deeming the forum selection clause invalid and that simply isn't the case as Judge Dale noted in her opinion They pointed to nothing more than 29-110 and in part that's because although Gem tech filed a declaration of gem tech CEO if you review their brief in the district court Not only did they fail to cite two paragraphs in that declaration They did not even reference that declaration in their brief So whatever evidence was in that declaration was never proper properly before The court and on top of that even if it was before the court It's clear that several of those supposed pieces of evidence in support of their position Are private interest factors. So the fact that gem tech is a native Idaho business or that Smith and Wesson is registered to do business in Idaho those are private interest factors as Boston telecommunications the Ninth Circuit case made clear Gem tech supposedly received and finalized the APA in Idaho Well that statement if you look at the declaration of mr Martinez is nowhere to be found and On top of that that is just a byproduct of the fact that gem tech was located in Idaho and as a Idaho resident It also states in the briefing gem tech does that subsequent asset transfers all took place in Idaho. That's the same thing that's a byproduct of the fact that they are in Idaho resident and base there and I Couldn't find a statement in the Martinez declaration indicating that all of the asset transfers took place in Idaho The impact of the case will be felt almost exclusively in Idaho. Not true I mean one thing that gem tech says repeatedly is they suggest that Smith and Wesson is just registered to do business in Delaware. They are a Delaware corporation formed in Delaware they're a Delaware citizen and Interests and the rights of its citizens and the reason one of the reasons the party's undoubtedly chose Delaware laws that Delaware courts have a well-known expertise in corporate law matters such as this asset purchase Agreement and the dispute arising out of it The the paragraph that contains the form selection clause at the beginning of the paragraph specifies that Delaware law shall apply now That makes it a little different from a sort of a bare form selection clause That just says this is to be tried in the court of Delaware I'll ignore for a moment the fact that the court doesn't exist Have you argued that the choice of Delaware law tells us that there's been a choice specific choice to avoid Idaho law with respect to form selection clause. I And we have asserted in our briefing that there's the EJ Gallo case within the Ninth Circuit that does suggest that you look at the Party's choice of law clause as part of the analysis of the forum selection clause Well, you you do that and certainly in terms of form non-convenience, but my question is a little different from that Yeah, I guess I'm not I'm not following the question if you could when you say Delaware law shall apply does that include Delaware law with respect to foreign selection? I Again, think that that would be a fair reading of the forum selection clause that the parties contemplated. No, I'm asking you Did you make that argument? Yes that that is in the briefing now I think because the parties clearly contemplated Delaware law and the Delaware courts expertise and The fact that they specifically said we want to litigate in Delaware The other important note is that Smith and Wesson is actually their principal place of business is in Massachusetts It's the same with their parent entity American Outdoor Brands So this isn't an instance where they negotiated for a provision that would give them quote-unquote home court advantage There was a negotiation for a provision that provided for Delaware's substantive law. So in answer to your question I do think that is is relevant So in the last few moments that I have here just actually you don't have any more But we'll give you a minute a few moments to sum up. Okay, you're in you're in the red Okay, I'm sorry it got it. All right So just in summary, if you look at the public interest factors and the enforceability under Atlantic Marine It's clear that they haven't satisfied their heavy burden and there's no abuse of discretion here. Thank you Judge Fletcher, you're absolutely right. This court should not blue pencil the agreement for the benefit of Smith and Wesson More importantly, I believe but what points that directed to the the court doesn't exist. Yes But that was raised awfully late But it was there's no question about that Still still valid. However under the circumstances, but more importantly more importantly the courts holding in Sun Controls here and we have done precisely what the court in Sun Asked us to do and what the court recognized from Bremen is appropriate to do. I think it's really important to also address one final note and that is the Albassey court actually Dismembers the analysis that I think Smith and Wesson raises for the first time today I don't think they made that choice of law argument what they argued was gallo and Gallo is a disjoinder in this circumstance because gallo was decided based Judge as you know on the anti injunction statute and the conflict in the anti injunction versus choice of law and it relied heavily on the Seattle totems case which has a different set of rules that are not applicable here. And so I Don't think gallo applies at all. And as the court said in Albassey Choice of law analysis is irrelevant to determining if the enforcement of a form selection clause contravenes a strong public policy citing Rowan versus sound you sound view communications That's in footnote one of the Albassey decision. I think that's the rule in this circuit So under this set of circumstances, I think that the controlling role is Sun and as such Gemtech has complied with the requirements. The court didn't conduct that analysis below they simply took what I will call the sound bites from Atlantic Marine and Didn't do a Bremen analysis whatsoever for those reasons. We respectfully ask the course to reverse and remand Thank both sides for good arguments Gemini technologies versus Smith and Wesson now submitted the last case this morning English versus Apple Inc I Take your time do what you need to do you ask for time to bring things up? Yes. Sure. Sure. Yeah
judges: Hawkins, W. Fletcher, Bennett